IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHARON MALONE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No: 2:16-cv-02268-STA-dkv |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., NATIONAL ASSOCIATION, et al., | ) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

Plaintiff Sharon Malone filed a complaint in the Shelby County Chancery Court on March 17, 2016, against The Bank of New York Mellon Trust Company, National Association ("BNYM"), and Deutsche Bank Trust Company Americas, f/k/a Bankers Trust Corporation ("Deutsche"). (ECF No. 1-1.) On April 21, 2016, Defendants filed a Notice of Removal from the Shelby County Chancery Court to this Court based on diversity of citizenship, 28 U.S.C. § 1332. (ECF No. 1.) Plaintiff has filed a motion to remand the action to state court on the ground that complete diversity of citizenship does not exist. (ECF No. 8.) Defendants have filed a response to the motion. (ECF No. 11.) For the reasons set forth below, Plaintiff's motion is **DENIED**.[1]

---

[1] Although Plaintiff has filed an amended complaint (ECF No. 5), the parties agree that federal jurisdiction is determined based on the plaintiff's pleading at the time of the petition for removal. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004).

1

It is well established that "[a]s courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute."[2] When an action is removed from state court, a federal court must consider whether it has subject matter jurisdiction.[3] The removed action must be remanded if a district court determines that it lacks subject-matter jurisdiction.[4] Removal statutes are narrowly construed,[5] and "all doubts as to the propriety of removal are resolved in favor of remand."[6]

Diversity jurisdiction exists in civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states."[7] For complete diversity to exist, the citizenship of all parties on one side of the litigation must be different from the citizenship of all parties on the other side of the litigation.[8] As the party invoking the federal forum, the removing defendant bears the burden of proving that the action meets the requirements of diversity jurisdiction.[9]

---

[2] *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001).

[3] *See Probus v. Charter Commc'ns, LLC*, 234 F. App'x 404, 406 (6th Cir. 2007).

[4] 28 U.S.C. § 1447(c).

[5] *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005).

[6] *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

[7] 28 U.S.C. § 1332(a).

[8] *See Solectron USA, Inc. v. FedEx Ground Package Sys.*, 520 F. Supp. 2d 904, 908 (W.D. Tenn. 2007).

[9] *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

In this case, there is no dispute that the amount in controversy exceeds $75,000. There is also no dispute that Plaintiff is a citizen and resident of Shelby County, Memphis, Tennessee, Defendant BNYM's principal place of business is New York City, New York, and is a citizen of New York City, New York, and Defendant Deutsche's principal place of business is New York City, New York. However, Plaintiff contends that the Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2002-KS1 Trust ("RMBS Trust") is also a defendant, and not just its trustees, BNYM and Deutsche, [10] and she insists that the Court must look at the citizenship of the beneficiaries of the Trust in order to determine whether complete diversity exists under the "dual trustee beneficiary rule."[11]

In *1963 Jackson, Inc. v. De Vos*, [12] this Court looked at the Third Circuit's explanation of the "dual trustee beneficiary rule":

> [I]n light of *Navarro* [*Saving Association v. Leero*, 446 U.S. 458 (1980)] and *Carden* [*v. Arkoma Associates*, 494 U.S. 185 (1990)], the Supreme Court has established the following rules. In a suit by or against the individual trustees of a trust, where the trustees "possess[ ] certain customary powers to hold, manage, and dispose of assets," their citizenship, and not that of the trust beneficiaries, is controlling for diversity purposes. *Navarro*, 446 U.S. at 464–66, 100 S. Ct. at 1783–84. The rule, however, is different when an artificial entity sues or is sued in its own name. In that situation, because artificial entities, unlike corporations, are not "citizens" under 28 U.S.C. § 1332, diversity jurisdiction by or against an artificial entity depends on the citizenship of "all the members." *Carden*, 494 U.S. at 195, 110 S.Ct. at 1021.[13]

---

[10] Plaintiff acknowledges that her original complaint "may have been unclear" that RMBS Trust is also a defendant. (Pl's Memo., p. 2 n. 1, ECF No. 8-1.) The amended complaint (ECF No. 5) clarifies this matter.

[11] (Pl's Memo., p. 4, ECF No. 8-1.)

[12] 2010 WL 5093349 (W.D. Tenn. Dec. 8, 2010).

[13] 2010 WL 5093349 at *2 (quoting *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192 (3d Cir. 2007)).

Plaintiff reasons that, under *1963 Jackson, Inc.*, because she has sued RMBS Trust in its own name, citizenship for diversity purposes depends on the citizenship of all members of the Trust.

However, contrary to the facts in the present case, the beneficiary of the Trust in *1963 Jackson, Inc.* was more than a nominal defendant in that he was known, was personally named in the lawsuit, was properly served, and, as the sole beneficiary of the Trust, had an obvious interest in the outcome of the litigation.[14] In this case, the beneficiaries of the Trust are unknown, they are not named as parties, they have not have been properly served, and they do not have an obvious stake in the litigation. Instead, as pointed out by Defendants, BNYM owns Plaintiff's mortgage and, therefore, it is BYNM that is the real party in interest.[15] On October 31, 2001, the Note was transferred to Banker's Trust Company as Trustee, now known as Deutsche Bank Trust Company Americas. BNYM then entered into a deal with Deutsche in which BNYM would take over real estate and infrastructure fund administration services for Deutsche Bank.[16]

In *Evans v. Wells Fargo Bank, N.A.*,[17] this Court rejected the plaintiffs' argument that the citizenship of the beneficiaries of a Trust must be considered because "it is well-settled that for the purposes of diversity jurisdiction the citizenship of a trust is determined by the citizenship of its trustee(s), not the beneficiaries of the trust."[18] The Court also rejected the plaintiffs' argument that, without documentary proof of the Trustees' powers, there could be no determination as to whether the Trustees were the "real parties in interest" and found that "a

---

[14] *Id.* at *3 – 5.

[15] (Amd. Cmplt. Exhbs, ECF No. 5-4).

[16] (Amd. Cmplt., ECF No. 5; Defs' Resp., p. 5, ECF No. 11.)

[17] 2016 WL 1248972 (W.D. Tenn. March 29, 2016).

[18] *Id.* at *5.

removing defendant is not required to prove up the jurisdictional allegations of a notice of removal by submitting evidence with the notice."[19]

This Court acknowledged that a defendant might be required to submit evidence establishing a jurisdictional allegation if "a plaintiff contests, or the court questions, the defendant's allegation."[20] However, in that case, as in the present case, the plaintiffs were not challenging the factual allegations in the defendants' Notice of Removal, but, instead, argued that "Defendants have not offered evidence to corroborate their pleadings."[21] Here, Plaintiff argues only that Defendants need to supplement their pleadings with documentation rather than challenging the factual allegations raised in Defendants' Notice of Removal. Therefore, Defendants are not obligated to submit additional evidence.

This Court further explained in *Evans* that:

> Wells Fargo's authority to act in its capacity as trustee goes to the merits of Plaintiffs' claims for relief. Specifically, the Complaint alleged that "the trust and Wells Fargo Bank, N.A., in its capacity as trustee, are not proper assignees or parties to the original mortgage and therefore have no claim or right to foreclose on Plaintiffs' property under the deed of trust." Plaintiffs' argument about Wells Fargo's status as a real party in interest overlaps with the merits of Plaintiffs' claim about Wells Fargo's right to enforce Plaintiffs' mortgage via foreclosure. The Sixth Circuit has held that a court should perform "a factual inquiry regarding the complaint's allegations only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim." Otherwise, a court "should find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's claim." This provides an independent basis for the Court to accept jurisdiction in this case and deny Plaintiffs' Motion to Remand and Motion to Set Aside the Judgment.[22]

---

[19] *Id.*

[20] *Id.* at *4.

[21] *Id.*

[22] *Id.* at * 5 (footnotes omitted).

In the present case, as well, this Court will not conduct a real party in interest analysis because that factual inquiry goes to the merits of Plaintiff's claim that BNYM does not have the right to foreclose on the property at issue. However, the Court notes that the allegations in the complaint indicate that BNYM and Deutsche are the real parties in interest to the dispute. For example, Plaintiff named BNYM and Deutsche in the action in their capacities as Trustees and has requested declaratory relief regarding BNYM's and Deutsche's rights in the property, as well as a declaration regarding the validity of any attempt by BNYM to conduct a foreclosure sale of the Property.[23]

Because all Defendants are citizens of New York and Plaintiff is a citizen of Tennessee, complete diversity exists. Therefore, the Court has jurisdiction over this case and removal was appropriate, Accordingly, Plaintiff's Motion to Remand the case to Shelby County Chancery Court is **DENIED**.

**IT IS SO ORDERED.**

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 8, 2016.

---

[23] (Cmplt., ECF No. 1-1.)